## ANTOINE v. LOUISIANA OIL BURNING EQUIPMENT CO., INC.

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)

Eugene V. Parham, of New Orleans, attorney for plaintiff, appellee.

Hy. B. Curtis, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff sues for $538 which is admitted to be due him. Defendant claims by way of set-off that plaintiff owes it $446.50, and confesses judgment for the balance or $91.50.

The trial court rendered judgment for plaintiff in the full amount claimed, dismissing defendant's plea in compensation from which judgment defendant has appealed.

It appears that the plaintiff, Antoine, had a contract with Edward P. Dolan to install a heating plant in his (Dolan's) residence and that Antoine entered into a contract with defendant to furnish and install an oil burner in the furnace attached to the heating system. It is for the price of this oil burner and cost of installation that defendant's claim in compensation is made. Antoine resists defendant's claim upon the ground that the burner furnished and installed by defendant was inefficient; that it would not heat Mr. Dolan's home and that Dolan refused to pay him for the burner and still refuses to do so, holding back that part of the money due him under his contract.

Defendant's position in brief and argument is that it installed a Kleen Heat burner, a well-known nationally advertised product, which Antoine ordered installed in Dolan's house, and that if the burner is inefficient because too small or unsuited to the heating system, plaintiff is to blame. However, defendant is not altogether consistent, because the record clearly shows that defendant at all times insisted that the burner it installed was capable of heating the house properly.

We are satisfied, however, that the burner did not burn properly. When attached to the heating system installed by plaintiff it would not heat Mr. Dolan's house and when it was removed and another burner installed the heating system functioned perfectly.

The question is who was responsible for the selection of the burner? We, like the judge of the trial court, have concluded that defendant assumed that responsibility. Mr. Dolan's architect specified a Kleen-Heat burner but the size and capacity of the burner was determined by defendant's president, Mr. Fiduccia, who describes his occupation as a "combustion engineer." Fiduccia examined the heating system before installing the burner and presumably obtained a burner which he considered of proper size and capacity. To suppose otherwise would not be complimentary to his business reputation which the record indicates was very good. Defendant's expert, its combustion engineer, selected the burner he considered adapted to the work to be done by it and he erred. For the consequences of its president's mistake, defendant is responsible.

The judgment appealed from seems to us to be correct and consequently and for the reasons herein assigned, it is affirmed.

JANVIER, J., takes no part.